THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. 1:24-cr-034 |
| v. | ) | |
| | ) | GOVERNMENT'S |
| DYLAN KRISTOPHER ELROD, | ) | SENTENCING |
| | ) | MEMORANDUM |
| Defendant. | ) | |
| | ) | |

Comes now the United States of America, by and through the United States Attorney for the Southern District of Iowa and the undersigned Assistant United States Attorney, and respectfully submits its Sentencing Memorandum.

The Defendant entered a plea of guilty to Counts 2 and 3 of the Superseding Indictment, Interference with Commerce Through Robbery and Possession and Brandishing a Firearm in Furtherance of a Crime of Violence. A PSR was filed that calculated a total offense level of 18 as to Count 2 and a criminal history category of VI, with an advisory guideline range of 57-71 months to life plus 120 months as to Count 3. (PSR ¶ 128.)

## I.    Total offense level

The base offense level was calculated at 20 pursuant to § 2B3.1(a). (PSR ¶ 28.) The Defendant received a 2-level decrease for acceptance of responsibility pursuant to § 3E1.1(a). (PSR ¶ 35.) The Defendant filed objections to the PSR that do not

1

impact the total offense level but may be important in determining the ultimate sentence and therefore needs to be resolved at the sentencing hearing. (R. Doc. 328.)

## II.    Defendant's Objections to the PSR

In determining a Defendant's base offense level, specific offense characteristics, and adjustments, the sentencing court is directed to consider all acts and omissions committed, aided, abetted, counseled, induced, procured, or willfully caused by the defendant. U.S.S.G. §1B1.3(a)(1)(A). The Guidelines further direct the court to consider all acts and omissions of others that were--

**(i)** within the scope of the jointly undertaken criminal activity,

**(ii)** in furtherance of that criminal activity, and

**(iii)** reasonably foreseeable in connection with that criminal activity; that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense.

U.S.S.G §1B1.3(a)(1)(B). Application of sentencing enhancements must be supported by a preponderance of the evidence and the government has the burden to prove factual basis for an enhancement. *United States v. Mitchell,* 825 F.3d 422, 425 (8th Cir. 2016).

### A. Factual Objections

The Defendant objected to numerous factual paragraphs of the PSR, paragraphs 8-11, 38-49, 50-52, 55-56. (R. Doc. 328.) If a defendant objects to the facts set forth in the PSR, then the sentencing court may not rely on those facts unless the Government proves them by a preponderance of the evidence. *United States v.*

2

*Bowers*, 743 F.3d 1182, 1184 (8th Cir. 2014). The Government asserts that paragraphs 8-11, 38-39, 50-52, and 56 are relevant conduct to the offenses. Although the information contained within the above paragraphs do not impact the offense level calculation, the Government intends to offer evidence supporting the objected to facts.

### B.    Defendant's Criminal History

The Defendant seeks a downward departure pursuant to § 4A1.3(b), indicating that his criminal history category is substantially overrepresented. (R. Doc. 328 ¶ 5.) The Government resists said departure acknowledging the PSR accurately calculated the Defendant's criminal history at 13 points, a category VI. (PSR ¶ 69.) This Court can depart downward when a defendant's criminal history category substantially overrepresents the seriousness of the defendant's criminal conduct. The Defendant was arrested 23 days before his eighteenth birthday for operating a motor vehicle to avoid arrest and theft by receiving stolen property (PSR ¶ 63.) The Defendant's case was transferred to county/adult court and the Defendant pled guilty over two years later on August 2, 2022, and sentenced to 120 days imprisonment on May 13, 2023. *Id*. The Defendant was convicted of theft first degree and sentenced to 60 days on September 14, 2020. (PSR ¶ 64.) The Defendant was convicted of assault second degree and false imprisonment and sentenced to 2-3 years imprisonment on April 9, 2021. (PSR ¶ 65.) This offense was extremely violent. *Id*. The Defendant was next convicted of possession of a controlled substance and sentenced to 60 days on March

24, 2023. (PSR ¶ 66.) The Defendant was convicted of theft by receiving and sentenced to 240 days imprisonment on June 4, 2024. (PSR ¶ 67.) The Defendant's convictions occurred in a short period of time, but periods of jail and prison have not deterred the Defendant from continuing to commit crimes. Although thefts are property crimes, they are crimes that endanger the community.

### III.    Government Objection

The Government maintains that paragraph 22 of the PSR should include H.H., a victim of relevant conduct in review of and reliance of 1B1.3(a)(1)(A), (B) and (3). (See also United States v. Radtke, 4155 F.3d 826, 841) (relevant conduct includes all acts and omissions "that were part of the same course of conduct or common scheme or plan as the offense of conviction.")

### IV.    Application of the 18 U.S.C. § 3553(a) factors

The factors the Court must use to determine a reasonable sentence are:

   (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
   (2) the need for the sentence imposed;
      (A) to reflect the seriousness of the offense, promote respect for the law, and provide just punishment;
      (B) to afford adequate deterrence to criminal conduct;
      (C) to protect the public from further crimes of the defendant; and,
      (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
   (3) the kinds of sentences available;
   (4) the sentencing range from the guidelines;
   (5) any pertinent policy statements by the Sentencing Commission;
   (6) the need to avoid unwarranted sentence disparities among

defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to victims.

(18 U.S.C. § 3553(a)).

"A sentencing court abuses its discretion 'when it ... fails to consider a relevant factor that should have received significant weight ... [or] gives significant weight to an improper or irrelevant factor.'" *United States v. Berry*, 930 F.3d 997, 1000 (8th Cir. 2019) quoting *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). The Court considers all of the relevant factors listed in 18 U.S.C. § 3553(a) and has the authority to vary from the recommended sentence. The Court is not required to do so, however.

The first factor to consider is the nature and circumstances of the offense and history of the Defendant. The Defendant and codefendants were involved in a ruse robbery in which he brandished and pointed a firearm at a man that showed up for a prostitution date. The actions of the Defendant and codefendants were planned, calculated and alarming.

In review of the Defendant's criminal history, he continues to involve himself in theft and violence related crimes.

The Defendant is young, reckless and dangerous. The Defendant grew up with little supervision and professes gang membership since a young age. He is an ongoing drug user and long-term substance abuse treatment may be beneficial. The Defendant has minimal employment history, and a trade or additional schooling may assist him in being a productive citizen when released from incarceration.

5

The Government recommends a term of imprisonment at the high end of the guideline range, a sentence that reflects the seriousness of the offense, protect the community, promotes future deterrence and respect for the law.

Respectfully submitted,

Richard D. Westphal
United States Attorney


By:    /s/ Shelly Sudmann
       Shelly Sudmann
       Assistant United States Attorney
       2146 27th Street, Suite 400
       Council Bluffs, Iowa 51501
       Tel: 712-256-5009
       Fax: 712-256-5112
       Shelly.sudmann@usdoj.gov


CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2025, I
electronically filed the foregoing with the
Clerk of Court using the CM ECF system. I hereby
certify that a copy of this document was served
on the parties or attorneys of record by:

___U.S. Mail ___ Fax ___Hand Delivery

_X_ECF/Electronic filing ___Other means

UNITED STATES ATTORNEY

By:   /s/ SCT
      Paralegal Specialist